# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Jose Fuentes,

                Plaintiff,

v.

Express Trust & Framing Systems LLC, et al.,

                Defendants.

No. CV 24-01888 PHX CDB

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE STEPHEN M. McNAMEE**:

Plaintiff filed their Complaint on July 30, 2024, naming as Defendants Express Trust & Framing Systems LLC, Express Truss LLC, William Keshishi, Linet Mirzakanian, Caleb Riley, and Shannon O'Neil. Plaintiff agreed to the exercise of magistrate judge jurisdiction over this matter (ECF No. 7), and all Defendants were served (ECF Nos. 9-14). Defendants O'Neil and Riley answered the Complaint on September 18, 2024, and consented to the exercise of magistrate judge jurisdiction. (ECF Nos. 15 & 18). A scheduling order issued November 14, 2024, required discovery be completed no later than October 24, 2025. (ECF No. 23).

On November 19, 2024, Plaintiff sought the entry of default against Express Truss & Framing Systems LLC, Express Truss LLC, Keshishi, and Mirzakanian (ECF No. 24), and these Defendants' default was entered November 21, 2024 (ECF No. 25). None of these Defendants appeared in this matter and, accordingly, the case is not in full consent with regard to the exercise of magistrate judge jurisdiction over the matter.

On May 19, 2025, the Court allowed Plaintiff until May 30, 2025, to show cause why the case should not be dismissed for Plaintiff's failure to prosecute their claims. Plaintiff responded to the Order to Show Cause, and the parties sought referral of the matter for a settlement conference. (ECF Nos. 29 & 31).

On December 10, 2025, Plaintiff filed a notice of settlement. (ECF No. 34). On February 12, 2026, the Court issued an order to show cause (ECF No. 36) why the case should not be dismissed as to all named Defendants, with prejudice, for Plaintiff's failure to file a stipulation of dismissal pursuant to the notice of settlement at ECF No. 34, and for Plaintiff's failure to proceed with regard to Defendants Express Truss & Framing Systems LLC, Express Truss LLC, Keshishi, and Mirzakanian. Plaintiff responded to the Order to Show Cause, averring: "Plaintiff has not sought default judgment against the Defaulted Defendants following the notice of settlement because Plaintiff intends to dismiss this matter in its entirety against Defendants and Defaulted Defendants following the finalizing and execution of the settlement agreement and related documents." (ECF No. 37).

On March 10, 2026, Plaintiff filed a stipulation of dismissal with prejudice as to all claims and Defendants, with all parties to bear their own "attorneys' fees and costs except as provided in the settlement agreement." (ECF No. 39). Accordingly,

**IT IS RECOMMENDED that** all of Plaintiff's claims and all Defendants in this action be dismissed with prejudice, with each party to its own costs and attorney fees except as provided in the settlement agreement.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to

Rule 7.2(e)(3), Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed ten (10) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Dated this 12th day of March, 2026.

_____
Camille D. Bibles
United States Magistrate Judge